IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMANDO DIAZ, JR., | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | No. 3:22-cv-00092-M (BT) |
| | § | |
| NFN NLN, | § | |
|    Respondent. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Armando Diaz, Jr.,[1] a former federal detainee at Prairieland Detention Center in Alvarado, Texas, proceeding *pro se,* filed an "emergency" petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking a stay of his removal by the United States Immigration and Customs Enforcement (ICE) and release from detention. The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the petition as moot.

I.

Diaz is a native and citizen of Mexico. Resp. (ECF No. 11) Ex. A ¶ 3. On January 13, 2022, an immigration judge in the Dallas, Texas immigration court found Diaz removable and ordered him removed to Mexico. *Id.* ¶ 4.

---

[1] Antonio Pizano-Zavala previously asserted that his true and correct name is Armando Diaz, Jr. Resp. (ECF No. 11) Ex. A ¶ 3. The petition is signed and filed in the name of Amando Diaz, Jr. Pet. 1-2 (ECF No. 3).

1

Diaz waived his right to appeal, and ICE began the process to remove him from the United States. *Id.* ¶¶ 4, 5. Diaz filed this action on January 13, 2022, but he failed to pay the filing fee or file a proper motion to proceed *in forma pauperis*.[2] On January 20, 2022, Diaz was removed to Mexico. *Id.* ¶ 6.

## II.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U. S. 9, 12 (1992) (citing *Mills v. Green*, 159 U. S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, Diaz sought a stay of his removal to Mexico or release from detention. His removal to Mexico on January 20, 2022, rendered his petition moot. For this reason, the Court should dismiss his petition as moot. *See Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot.") (citing *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of

---

[2] On March 15, 2022, the Order and Notice of Deficiency mailed to Diaz was returned to the Court as "Return To Sender – Attempted – Not Known – Unable To Forward." (ECF No. 10 at 1); *see also* (ECF No. 6).

removal, any such challenge is now moot because Chay has been removed from the United States." (internal citation omitted)); *see also Hamisy v. Barr*, 2021 863209, at *2 (N.D. Tex. Feb. 11, 2021) (finding that Petitioner's removal from the United States rendered his challenge to detention moot) (citing and quoting *Morales-Morales*, 933 F.3d at 462), *rec. adopted* 2021 WL 859136 (N.D. Tex. Mar. 8, 2021); *Jubril v. DHS/ICE*, 2021 WL 955249, at *2 (N.D. Tex. Feb. 11, 2021) (same) (citing and quoting *Morales-Morales*, 933 F.3d at 462), *rec. adopted* 2021 WL 951018 (N.D. Tex. Mar. 12, 2021).

### III.

The Court should DISMISS Diaz's petition as moot.

SO RECOMMENDED.

Signed March 25, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U. S. C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F. 3d 1415, 1417 (5th Cir. 1996)*.